[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15569
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00520-MW-GRJ

SIDNEY MARTS,

Plaintiff - Appellant,

versus

FRANK BELL,
GARY LEE BERGASH,
KARL WAYNE LABERTEW,
BRIDGETTE JENSEN,
CHRISTOPHER ROSS, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 20, 2014)

Before MARTIN, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Sidney Marts appeals the dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, against a number of state and federal judges, prosecutors, public defenders, and other court personnel. Following a review of the record and Mr. Marts' brief, we affirm.

Mr. Marts stated in his complaint that he was not challenging his 2008 state felony conviction, but all of his claims were based on alleged errors committed during or related to his criminal case (e.g., the improper grant of a mistrial, a "fabricated competency hearing," the lack of a transcript for the competency hearing, his commitment to a mental health facility, the state appellate court's issuance of a per curiam affirmance), and he maintained that he was in custody due to "fraudulent documentation." He alleged denial of access to the courts in his sole claim and sought unspecified declaratory and injunctive relief.

The district court, adopting the magistrate judge's report and recommendation, dismissed the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court reasoned that the judges and lawyers were immune from liability given the allegations of the complaint. With respect to the other court personnel named as defendants, Mr. Marts failed to provide any factual allegations suggesting he had non-frivolous claims against them.

In his appellate brief, Mr. Marts does not address the district court's bases for dismissal. Instead, he argues in conclusory fashion that the mistrial voided his

conviction, that the district court was required to address the merits of his claim, and that he was denied a meaningful right of redress, which resulted in a miscarriage of justice.[1]

We have held that when "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). As in *Sapuppo*, "[t]hat is the situation here." *Id.* Mr. Marts has not challenged the district court's federal immunity analysis with respect to the judges and lawyers he sued. Nor has he explained how he has non-frivolous federal claims against the court personnel he named as defendants.

The district court's dismissal of Mr. Marts' complaint is affirmed.[2]

**AFFIRMED.**

---

[1] Mr. Marts does briefly address the immunity issue, but he focusses on state sovereign immunity, not the immunity given to judges, prosecutors, and public defenders by federal law.

[2] To the extent that Mr. Marts is challenging his conviction in his brief, his remedy is habeas corpus, not a § 1983 suit.